# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| EAST WEST STONE, LLC, a California Limited Liability Company, et al., | CASE NO. 11cv1652 DMS (WVG) |
|---|---|
| Plaintiffs, | |
| vs. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WEI SHAO'S MOTION TO DISMISS** |
| WEI SHAO, also known as RAYMOND SHAO, an individual, et al., | |
| | **[Docket No. 19]** |
| Defendants. | |

This case comes before the Court on Defendant Wei Shao's motion to dismiss. Plaintiff John Kennedy filed an opposition to the motion, and Defendant Shao filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendant's motion.

## I.
## BACKGROUND

Plaintiff John Kennedy has been in the masonry business since 1985. In January 2005, one of Kennedy's former employees, Rob Pastor, introduced him to Defendant Wei Shao. Kennedy and Shao discussed the possibility of a joint venture involving the importation of stone from Eastern Asia for distribution to stone dealers and distributors in the United States.

In March 2005, Kennedy sent one of his managers to China with Shao to attend a stone show and stone quarry. Shao acted as a translator on the trip, during which the manager spent a great deal of

time educating Shao on stone quality, type and appearance. Later that month, Kennedy purchased Chinese stone through Shao. The stone arrived in May and June 2005. Kennedy alleges some of the stone was marketable, but much of it was not. As a result, Kennedy traveled to China to meet with Shao.

During that trip, Kennedy and Shao traveled to stone quarries and stone producers, and Kennedy demonstrated to Shao what quality, types and colors of stone would be marketable in the United States. Kennedy received a second shipment of stone from Shao in September 2005, which was of much better quality than the first shipment. Kennedy and Shao continued discussing the possibility of a joint venture, and in early 2006 they began the process of forming East West Stone, LLC. ("EWS").

EWS was formally established on May 9, 2006, pursuant to an Operating Agreement ("EWS Operating Agreement"). (*See* First Am. Compl., Ex. 1.) The members of EWS were Kennedy, Shao and Rob Pastor. In December 2010, Kennedy bought Mr. Pastor's interest in the company, leaving only Kennedy and Shao as members.

According to Kennedy, Shao was to run the Chinese operations and purchase high quality stone for EWS at the best costs available from various producers in China. Payment for the stone was to be at cost through Defendant Keynor Asia & I/E Co., Ltd., a company owned and operated by Shao and his wife. Shao and Keynor would then ship the stone to EWS in California. Kennedy and Pastor would then sell the stone to dealers and distributors. Kennedy alleges that he and Shao agreed that Keynor would received a three percent commission on the cost of the stone to pay for administration, shipping and handling.

EWS began selling stone products in May 2006, and the business appeared to be taking off. However, Kennedy continued to receive a great deal of unmarketable, commercially worthless material from Shao. In January 2007, EWS opened a warehouse in China to better control quality. Shao was responsible for running the warehouse and monitoring the quality of the products shipped to California.

Nevertheless, Kennedy continued receiving poor quality materials from Shao. When Kennedy inquired about the poor quality and high costs of the warehouse, Shao offered numerous explanations. Because of the language barrier, Kennedy relied on Shao's explanations and information.

///

///

In March 2008, Kennedy went to China to meet with Shao regarding the continued problems with the quality of the products. Kennedy found the warehouse stocked with bad material, and when he asked Shao about the materials, Shao offered additional explanations.

Over the next two years, Shao and Keynor raised the prices on the stone products from China, but the quality of the products declined. Delivery time of shipments increased, and Shao began demanding full payment before he could ship any products. Shao also demanded an increase in the commission paid to Keynor, from three percent to five percent.

In March 2011, Kennedy made another trip to China to investigate Shao's operations. During that trip, he discovered that Shao's explanations of product quality, price, payment policies and shipping procedures were untrue. He also discovered that Shao had not been making timely payments to stone producers in China, but was instead holding on to the money for several months after the material was delivered.

As a result, Kennedy and EWS filed the present case against Shao and Keynor alleging claims for breach of fiduciary duty, fraud, breach of contract, unjust enrichment, violation of California Corporations Code § 17106, accounting, constructive trust and unfair competition. Plaintiffs filed a First Amended Complaint on September 9, 2011, alleging the same claims and explaining that Kennedy was pursuing most of those claims derivatively on behalf of EWS. In response to the First Amended Complaint, Shao filed the present motion. Keynor did not file a response in the time provided by the Federal Rules, and thus the Clerk of Court has entered its default.

**II.**

**DISCUSSION**

Shao moves to dismiss all but one of Plaintiffs' claims. He raises several arguments in support of dismissal, all of which the Court addresses below.

**A.   Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

**B.  Standing**

Defendant's first argument in support of his motion to dismiss is that Plaintiff EWS lacks standing.[1] Specifically, Defendant argues Plaintiffs were obligated to comply with the terms of the EWS Operating Agreement, California Corporations Code § 17501(a) and Federal Rule of Civil Procedure 23.1(b) prior to bringing suit.

Notably, Defendant fails to cite any legal authority to support his argument that compliance with the Operating Agreement is a prerequisite to bringing a derivative claim. California Corporations Code § 17501(a) and Federal Rule of Civil Procedure 23.1(b) impose certain requirements on plaintiffs alleging derivative claims. Specifically, each requires that the plaintiff allege with particularity his:

> efforts to secure from the managers the action plaintiff desires or the reasons for not making that effort, and alleges further that plaintiff has either informed the limited liability company or the managers in writing of the ultimate facts of each cause of action against each defendant or delivered to the limited liability company or the managers a true copy of the complaint that plaintiff proposes to file.

Cal. Corp. Code § 17501(a)(2). *See also* Fed. R. Civ. P. 23.1(b)(3) (setting out similar requirements). However, each of these rules also contains a futility exception. *See Shields v. Singleton,* 15 Cal. App. 4th 1611, 1618-19 (1993) (stating that demand futility is exception to requirement of California

---

[1] Defendant also argues Plaintiff Kennedy lacks standing to sue as an individual. However, Kennedy states he is not bringing claims in his individual capacity, save for his fifth claim for relief pursuant to California Corporations Code § 17106. The Court will address that claim below. In light of Kennedy's representation that his other claims are derivative, the Court declines to further address Defendant's argument that Kennedy lacks standing to sue in his individual capacity.

1  ///

2  Corporations Code § 17501(a)(2)); *Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008) (stating failure
3  to meet demand requirement may be excused if facts show demand would have been futile).

4        Plaintiffs rely on this exception to excuse their compliance with the demand requirements. (*See*
5  First Am. Compl. ¶ 18.) Defendant acknowledges the exception exists, but argues Plaintiffs have not
6  plead the exception with sufficient particularity. The Court, however, disagrees. Given the allegations
7  in paragraph 18, and the allegations in the remainder of the First Amended Complaint, Plaintiffs have
8  satisfied the pleading requirements of the demand futility exception. Accordingly, the Court declines
9  to dismiss the case based on lack of standing.

10 **C.   Breach of Fiduciary Duty**

11       Turning to the substantive claims, Defendant argues Plaintiffs' claim for breach of fiduciary duty
12 should be dismissed because it is untimely and because Plaintiffs failed to plead damages proximately
13 caused by the breach. Plaintiffs dispute both arguments.

14       Claims for breach of fiduciary duty are "governed by the residual four-year statute of limitations
15 in Code of Civil Procedure section 343 governing '[a]n action for relief not hereinbefore provided for'
16 in the code." *Thomson v. Canyon*, 198 Cal. App. 4th 594, 606 (2011) (quoting William F. Rylaarsdam
17 & Paul Turner, Cal. Practice Guide: Civil Procedure Before Trial, Statutes of Limitations ¶ 4:1791).
18 Here, Defendant argues Plaintiffs knew of the facts underlying their breach of fiduciary duty claim in
19 2006, therefore they should have alleged this claim in 2010. Because Plaintiffs did not allege the claim
20 until July 26, 2011, Defendant argues the claim is untimely.

21       In response, Plaintiffs rely on the continuing violations doctrine. The continuing violations
22 doctrine "permits recovery 'for actions that take place outside the limitations period if these actions are
23 sufficiently linked to unlawful conduct within the limitations period[.]'" *Komarova v. National Credit*
24 *Acceptance, Inc.*, 175 Cal. App. 4th 324, 343 (2009) (quoting *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th
25 798, 812 (2001)). The key to the continuing violations doctrine "'is whether the conduct complained
26 of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts.'" *Id.*
27 (quoting *Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156, 1161 (N.D. Cal. 2003)).
28 Here, Plaintiffs allege Defendant provided "unmarketable, commercially worthless material" to EWS

in the year following EWS's formation. (First Am. Compl. ¶ 28.) That conduct continued into 2008, 2009 and 2010. (*Id.* ¶¶ 28-29, 38, 40, 42.) Based on these allegations, Defendant has not shown that Plaintiffs' claim for breach of fiduciary duty is untimely.[2] Accordingly, the Court declines to dismiss the claim on that ground. The Court likewise rejects Defendant's argument that Plaintiffs have failed to plead damages proximately caused by the breach. (*See id.* ¶ 57.) Accordingly, Defendant's motion to dismiss this claim is denied.[3]

**D.   Fraud**

Plaintiffs' second claim is for fraud. Defendant argues this claim should be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b), and for failure to allege justifiable reliance.

A fraud-based pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Here, Plaintiffs allege these facts generally, but not with the specificity required by Rule 9(b). For instance, Plaintiffs fail to specify which Defendant committed the fraudulent acts alleged, the dates these acts were committed, and how specifically the fraud was committed. Under these circumstances, the Court grants Defendant's motion to dismiss this claim.

**E.   Breach of Contract**

Plaintiffs' breach of contract claim relies on an alleged oral contract between EWS and Defendant Shao. Defendant raises several arguments in support of his motion to dismiss this claim. First, Defendant argues the EWS Operating Agreement precludes consideration of any other alleged agreement because it contains an integration clause. Defendant is correct that the EWS Operating Agreement contains an integration clause. (*See* First Am. Compl., Ex. 1 § 10.1.) However, Plaintiffs point out that the EWS Operating Agreement is silent on the issues addressed by the alleged oral contract, namely, the China operations, the purchase of the stone, payment for the stone and the

---

[2] These allegations also rebut Defendant's arguments about the timeliness of Plaintiffs' other claims. Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' other claims on the ground they are untimely.

[3] Defendant moves to dismiss Plaintiffs' allegations of civil conspiracy on the ground that the underlying tort claims should be dismissed. Because the Court declines to dismiss the breach of fiduciary duty claim, the Court also declines to dismiss Plaintiffs' civil conspiracy allegations.

1  commission payable to Shao on the stone purchases.  Under these circumstances, Plaintiffs contend the

2  Court may consider the alleged oral contract, and the Court agrees.  In California,

> there can be no doubt as to the rule that when parties have not incorporated into an instrument all of the terms of their contract, evidence is admissible to prove the existence of a separate oral agreement as to any matter on which the document itself is silent and which is not inconsistent with its terms.

*McCreary v. Mercury Lumber Distributors*, 124 Cal. App. 2d 477, 484 (1954) (citations omitted). Therefore, neither the integration clause nor the parol evidence rules warrants dismissal of Plaintiffs' breach of oral contract claim.

Next, Defendant asserts this claim should be dismissed because Plaintiffs have failed to adequately set forth the terms of the alleged oral contract, *e.g.*, the parties to the oral contract, *etc.* However, Plaintiffs did set out these terms.  (*See* First Am. Compl. ¶¶ 64-67.)  For instance, Plaintiffs allege the oral contract was between EWS and Shao.  (*See id.* at ¶ 65.)  Plaintiffs also set out the issues covered by the alleged oral contract.  (*Id.*)  Therefore, this argument does not warrant dismissal of Plaintiffs' breach of contract claim.

Defendant's final argument in support of dismissal of this claim is that it is barred by California Commercial Code § 2605(1).  Plaintiffs respond that this statute applies only to contracts for goods, the alleged oral contract is for services, therefore the statute does not apply here.  Again, the Court agrees with Plaintiffs.  *See* Cal. Comm. Code § 2102 (stating "this division applies to transactions in goods[.]") Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' breach of contract claim.

**F.    Unjust Enrichment**

Defendant raises two arguments in support of his motion to dismiss Plaintiffs' unjust enrichment claim.  The first argument is the claim is untimely, which the Court addressed above.  The second argument is that California courts are "split over whether unjust enrichment is an independent cause of action." (Mem. of P. & A. in Supp. of Mot. at 14.)  This Court agrees with those courts that conclude unjust enrichment is not a separate claim.  *See McBride v. Boughten*, 123 Cal. App. 4th 379, 387 (2004) (quoting *Melchior v. New Line Products, Inc.*, 106 Cal. App. 4th 779, 793 (2003)) (stating unjust enrichment is a "general principle underlying various legal doctrines and remedies;" it is not an independent cause of action).  Accordingly, the Court grants Defendant's motion to dismiss this claim.

1  / / /

2  / / /

3  **G.     California Corporations Code § 17106**

4         Plaintiffs' next claim arises under California Corporations Code § 17106. This statute governs requests for information and records of limited liability companies. Defendant argues this claim should be dismissed because the information sought is not covered by the statute, the statute applies only to the LLC and not its individual members, and Plaintiffs failed to comply with the demand requirements of the statute.

       In response to Defendant's first argument, Plaintiffs contend the information requested is covered by California Corporations Code §§ 17058(6) and (7). These sections require the maintenance of "[c]opies of the financial statements of the limited liability company, if any, for the six most recent fiscal years[,]" and "[t]he books and records of the limited liability company as they relate to the internal affairs of the limited liability company for at least the current and past four fiscal years." Cal. Corp. Code §§ 17058(6), (7). Here, Plaintiffs seek access to "business records maintained in China, including but not limited to all records and financial statements regarding EWS purchases of stone product as facilitated by Keynor, and all records and financial statements regarding the operation of the EWS warehouse in China." (First Am. Compl. ¶ 74.) Plaintiffs' request appears to fall within section (6) and/or (7), and thus Defendant's argument to the contrary does not warrant dismissal of this claim.

       Defendant's second argument in support of dismissal of this claim is that the statute applies only to the LLC and not its individual members. In support of this argument, Defendant relies on the wording of the statute. The statutory language, however, is not so clear cut, and thus it does not warrant dismissal of this claim at the pleading stage.

       Defendant's final argument in support of dismissal of this claim is that Plaintiffs have not made a "reasonable request" under the statute, therefore Defendant is not in violation. Plaintiffs do not address this argument except to say that "Mr. Kennedy has made a proper demand[,]" (Opp'n to Mot. at 20), and there is no evidence that they made a "reasonable request" prior to filing this case. In the absence thereof, the Court grants Defendant's motion to dismiss this claim.

**H.     Unfair Competition**

1    The final claim at issue in this motion is Plaintiffs' claim for unfair competition. Defendant raises two arguments in support of his motion to dismiss this claim. The first argument goes to the timeliness of the claim, which the Court has addressed, *supra*. The only other argument goes to the merits of the claim, not whether Plaintiffs have met the pleading requirements. Accordingly, the Court denies Defendant's motion to dismiss this claim.

### III.

### CONCLUSION AND ORDER

For these reasons, the Court grants in part and denies in part Defendant's motion to dismiss. Specifically, the Court grants the motion to dismiss Plaintiffs' second, fourth and fifth claims, and denies the motion as to the remainder of the claims at issue. Plaintiffs are granted leave to file a Second Amended Complaint that cures the pleading deficiencies set out in this Order. Plaintiffs are cautioned that if their Second Amended Complaint does not cure these deficiencies, their claims will be dismissed with prejudice and without leave to amend. The Second Amended Complaint shall be filed on or before December 5, 2011.

**IT IS SO ORDERED**.

DATED:  November 28, 2011

_____
HON. DANA M. SABRAW
United States District Judge