1  Robert E. LaCroix [CSBN 86281]
   THE LaCROIX LAW GROUP, APC
2  1168 Union Street, Suite 302
   San Diego, California  92101-3818
3  Telephone:  (619) 231-2027
   Facsimile:  (619) 231-2003

4

5  Sean M. Foldenauer [CSBN 187541]
   Danwill D. Schwender [CSBN 253419]
6  FOLDENAUER LAW GROUP, APC
   757 West Ivy Street
7  San Diego, California 92101-3818
   Telephone:  (619) 564-8877
8  Facsimile:  (619) 564-8879

9  Attorneys for WEI SHAO,  aka RAYMOND SHAO

10

11              **UNITED STATES DISTRICT COURT**

12            **SOUTHERN DISTRICT OF CALIFORNIA**

13  EAST WEST STONE, LLC,          ) CASE NUMBER 11cv1652 DMS WVG
    a California Limited Liability )
14  Company; and JOHN KENNEDY,     ) **DEFENDANT RAYMOND SHAO'S**
    an individual,                 ) **ANSWER TO SECOND**
15                     Plaintiffs, ) **AMENDED COMPLAINT**
                                   )
16  vs.                            )
                                   )
17  WEI SHAO, also known as        ) Case Filed:  July 26, 2011
    RAYMOND SHAO, an individual;   ) FAC  Filed:  September 9, 2011
18  and KEYNOR ASIA & I/E CO., LTD.,) SAC  Filed:  December  5, 2011
    a business entity,             )
19                     Defendants, )
                                   )
20  and                            )
                                   ) **Judge:**
21  EAST WEST STONE, LLC, a        )     **HON. CATHY ANN BENCIVENGO**
    California Company,             )
22                                 )
                                   )
23          Nominal Defendant and )
       Real Plaintiff in Interest. )
24  ─────────────────────────────── )

25      Defendant, WEI SHAO (aka: RAYMOND SHAO) an individual

26  (hereinafter "SHAO"), answers the allegations of Plaintiff JOHN

27  KENNEDY (hereinafter sometimes "KENNEDY"), on behalf of Nominal

28  Defendant and Real Plaintiff in Interest EAST WEST STONE, LLC

(hereinafter sometimes EWS), (hereinafter collectively "Plaintiffs") as pled in Plaintiffs' Second Amended Complaint (hereinafter sometimes "SAC") as follows:

1.   Answering paragraph 1 of Plaintiffs' SAC, SHAO denies the allegations contained therein, but admits that he does reside in Canada, and that KENNEDY is the majority member of EWS.

2.   Answering paragraph 2 of Plaintiffs' SAC, SHAO denies all allegations contained therein based on lack of information and belief, but admits that KENNEDY solicited SHAO to form a Chinese company, that they spent time discussing the logistics of setting up a Chinese company and, thereafter started EWS, a California LLC.

3.   Answering paragraph 3 of Plaintiffs' SAC, SHAO admits that he and KENNEDY are Members and Managers of EWS.  As to the remaining allegations SHAO lacks information or belief to either admit or deny, and on that basis denies the balance of paragraph 3.

4.   Answering paragraph 4 of Plaintiffs' SAC, SHAO denies any ownership interest in KEYNOR ASIA & I/E CO., LTD. (hereinafter "KEYNOR ASIA"), a named Defendant herein.  SHAO denies that he ever charged "unreasonably high prices for Chinese stone product."  SHAO further denies that he " . . . shipped poor quality material that was often unmarketable by EWS."  As to the remaining allegations contained in Plaintiffs' paragraph 4, SHAO denies based on lack of information and/or knowledge.

5.   Answering paragraph 5 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

6.   Answering paragraph 6 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

/ / /

7.   Answering paragraph 7 of Plaintiffs' SAC, SHAO admits the allegations contained therein.

8.   Answering paragraph 8 of Plaintiffs' SAC, SHAO admits the allegations contained therein.

9.   Answering paragraph 9 of Plaintiffs' SAC, SHAO admits the allegations contained therein, except SHAO denies that he resides China.

10.  Answering paragraph 10 of Plaintiffs' SAC, SHAO admits that KEYNOR ASIA is a Chinese corporation in the business of exporting goods with a principal place of business in Shanghai, China. SHAO denies that he and/or his spouse, Han Sui, has an ownership interest in KEYNOR ASIA.  SHAO denies the remaining allegations contained in paragraph 10 based on lack of information or knowledge.

11.  Answering paragraph 11 of Plaintiffs' SAC, SHAO admits the allegations contained therein.

12.  Answering paragraph 12 of Plaintiffs' SAC, SHAO admits that KEYNOR ASIA acted as the middleman between EWS and the Chinese stone producers, directly invoiced EWS in California, and collected money from EWS in California.  SHAO, based on lack of information or belief, denies each and every remaining allegation contained therein.

13.  Answering paragraph 13 of Plaintiffs' SAC, SHAO, based on lack of knowledge or information, denies each and every allegation contained therein, but admits this Court has jurisdiction.

14.  Answering paragraph 14 of Plaintiffs' SAC, SHAO, based on lack of knowledge or information, denies each and every allegation contained therein, but admits venue is proper.

15.   Answering paragraph 15 of Plaintiffs' SAC, SHAO, based on lack of knowledge or information, denies each and every allegation contained therein.

16.   Answering paragraph 16 of Plaintiffs' SAC, denies each and every allegation contained therein.

17.   Answering paragraph 17 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein, except that KENNEDY was the majority member of EWS from its inception.

18.   Answering paragraph 18 of Plaintiffs' SAC, SHAO, based on lack of knowledge or information, denies each and every allegation contained therein.

19.   Answering paragraph 19 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein, except that EWS consists of only two members:  KENNEDY who owns 70% of the company and SHAO who owns 30% of the company.

20.   Answering paragraph 20 of Plaintiffs' SAC, SHAO, based on lack of knowledge or information, denies each and every allegation contained therein, but admits that KENNEDY was interested in creating a new company for purposes of importing stone.

21.   Answering paragraph 21 of Plaintiffs' SAC, SHAO admits that he is a resident of Canada, and that Robert Pastor (a former members of EWS, whose membership percentage was purchased by KENNEDY) introduced him (SHAO) to KENNEDY and denies each and every remaining allegation contained therein.

/ / /

/ / /

/ / /

/ / /

22.  Answering paragraph 22 of Plaintiffs' SAC, SHAO admits that he went to a stone show and stone quarries in China with an individual sent by KENNEDY, during which SHAO acted as a translator, but denies each and every remaining allegation contained therein based on lack of information and belief.

23.  Answering paragraph 23 of Plaintiffs' SAC, SHAO admits the allegations contained therein.

24.  Answering paragraph 24 of Plaintiffs' SAC, SHAO admits that KENNEDY met him in Beijing, China in 2005, but denies the balance of the allegations based upon lack of knowledge or information.

25.  Answering paragraph 25 of Plaintiffs' SAC, SHAO admits to spending time with KENNEDY traveling to stone quarries in China. SHAO admits to having discussions with KENNEDY regarding the quality, type, and color of stone that would have been marketable in the United States.  SHAO admits he and KENNEDY discussed forming a new company.  SHAO denies the balance of the allegations based upon lack of knowledge or information.

26.  Answering paragraph 26 of Plaintiffs' SAC, SHAO denies the company began operating on May 9, 2006, but admits the balance of the allegations contained in paragraph 26.

27.  Answering paragraph 27 of Plaintiffs' SAC, SHAO denies the allegations contained therein, but admits that KEYNOR ASIA initially agreed to charge EWS a three percent (3%) service fee over the price EWS agreed to pay KEYNOR ASIA, which was later raised to a five percent (5%) service fee.

/ / /

/ / /

EAST WEST STONE, *et al.*  v. SHAO, *et al.*
U.S.D.C.CASE NUMBER 11cv1652 CAB WVG
DEFENDANT RAYMOND SHAO'S ANSWER TO PLAINTIFFS' 2d AMENDED COMPLAINT

28.   Answering paragraph 28 of Plaintiffs' SAC, SHAO denies the allegations based upon lack of information or knowledge, but admits he looked into issues that arose between EWS and  KEYNOR ASIA when requested.

29.   Answering paragraph 29 of Plaintiffs' SAC, SHAO generally denies the allegations therein, but admits that EWS began selling Chinese stone products early in 2006.

30.   Answering paragraph 30 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

31.   Answering paragraph 31 of Plaintiffs' SAC, SHAO admits meeting KENNEDY in 2008 and admits informing KENNEDY that KEYNOR ASIA's warehouse manager was taking bribes and that some of the material in the KEYNOR ASIA warehouse was "bad material" and denies the balance of the allegations contained therein.

32.   Answering paragraph 32 of Plaintiffs' SAC, SHAO admits that he was in China with KENNEDY, and recalls stating that there was concern regarding KENNEDY paying dividends pursuant to the Operating Agreement.   As to the remaining allegations in paragraph 32, SHAO denies each and every one of those allegations.

33.   Answering paragraph 33 of Plaintiffs' SAC, SHAO admits that the EWS Operating Agreement states as indicated, and further admits that SHAO was entitled to paid dividends.

34.   Answering paragraph 34 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein based upon lack of knowledge or information, but admits to communicating to KENNEDY monies owed by EWS to KEYNOR ASIA.

/ / /

/ / /

EAST WEST STONE, *et al.*  v. SHAO, *et al.*
U.S.D.C.CASE NUMBER 11cv1652 CAB WVG
DEFENDANT RAYMOND SHAO'S ANSWER TO PLAINTIFFS' 2d AMENDED COMPLAINT

35. Answering paragraph 35 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein based upon lack of knowledge or information. SHAO, however, is aware that KENNEDY unilaterally fired Pastor.

36. Answering paragraph 36 of Plaintiffs' SAC, SHAO admits he claimed it was "too late" to cancel many of the orders, as they had already been processed, and denies each and every remaining allegation contained therein.

37. Answering paragraph 37 of Plaintiffs' SAC, SHAO admits the allegations contained therein.

38. Answering paragraph 38 of Plaintiffs' SAC, SHAO denies that he raised prices on any product from China, because, as previously stated, SHAO had no ownership interest in KEYNOR ASIA. SHAO denies that the quality of the product from China continued to decline. SHAO admits to receipt of Exhibit 2 (e-mail from Lynn Tenuta of EWS to SHAO dated October 10, 2008), to the Plaintiffs' SAC. As to the remaining allegations contained in paragraph 38, SHAO denies them based on lack of information or knowledge.

39. Answering paragraph 39 of Plaintiffs' SAC, SHAO admits receiving and replying to the e-mail attached to Plaintiff's SAC as Exhibit 3 (e-mail from KENNEDY to SHAO dated October 31, 2008) but, based on lack of information and belief denies the balance of allegations contained in paragraph 39.

40. Answering paragraph 40 of Plaintiffs' SAC, based on lack of information or knowledge, SHAO denies each and every allegation contained therein, with the exception that SHAO admits to receiving and sending the e-mail (dated January 30, 2009) attached to the Plaintiffs' SAC as Exhibit 4.

41.   Answering paragraph 41 of Plaintiffs' SAC, SHAO denies making vague and cryptic references regarding the dividend, but admits claiming he was owed dividends owed him by EWS.  SHAO admits to sending and receiving Exhibit 5 (e-mail to Lynn Tenuta of EWS dated March 12, 2009) of the Plaintiffs' SAC.  SHAO denies the remaining allegations contained in paragraph 41.

42.   Answering paragraph 42 of Plaintiffs' SAC, SHAO admits that he drafted the e-mails referenced in Exhibit 6 (e-mails to/from KENNEDY/SHAO dated March 24, March 25 and April 1, 2009) to the Plaintiffs' SAC, but denies the meaning attributed to said e-mails as reflected in paragraph 42.

43.   Answering paragraph 43 of Plaintiffs' SAC, SHAO admits to sending the e-mails as referenced in Exhibit 7 (e-mail to Ada Yu dated October 14, 2010 and e-mail to KENNEDY and Lynn Tenuta dated October 16, 2010) of Plaintiffs' SAC as well as those referenced in Exhibit 8 of Plaintiffs' SAC (e-mail from SHAO to Lynn Tenuta and KENNEDY dated December 17, 2010), and denies the remaining allegations contained in paragraph 43.

44.   Answering paragraph 44 of Plaintiffs' SAC, SHAO denies that KENNEDY asked SHAO to photograph material before it was shipped from China, but admits to sending the e-mail reflected in Exhibit 9 to Plaintiffs' SAC (e-mail from SHAO to Lynn Tenuta and KENNEDY dated December 31, 2010).  SHAO denies, based on lack of information and belief, the remaining allegations contained in paragraph 44.

45.   Answering paragraph 45 of Plaintiffs' SAC, SHAO denies he is in possession of the alleged $75,000.00 deposit for stone, but based on lack of information and belief believes EWS has stopped

placing orders with KEYNOR ASIA, and that KEYNOR ASIA may possess said monies.  Based on lack of information and belief, SHAO denies the remaining allegations contained in paragraph 45.

46.   Answering paragraph 46 of Plaintiffs' SAC, based on lack of information or belief, SHAO denies each and every allegation contained therein.

47.   Answering paragraph 47 of Plaintiffs' SAC, based on lack information or belief, SHAO denies each and every allegation contained therein.

48.   Answering paragraph 48 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

49.   Answering paragraph 49 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

50.   Answering paragraph 50 of Plaintiffs' SAC, SHAO denies causing damages to EWS and, based on lack of information or belief, denies each and every remaining allegation contained therein.

51.   Answering paragraph 51 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

52.   Answering paragraph 52 of Plaintiffs' SAC, SHAO denies he is possession of the $75,000.00 deposit for material and, based on lack of information or belief, denies each and every remaining allegation contained in paragraph 52. SHAO continues to maintain his entitlement to a dividend from EWS.

53.   Answering paragraph 53 of Plaintiffs' SAC, based upon lack of information or belief, SHAO denies each and every allegation contained therein.

/ / /

/ / /

54. Answering paragraph 54 of Plaintiffs' SAC, SHAO incorporates by reference his responses to paragraphs 1 through 53 of the Complaint as though fully set forth herein.

55. Answering paragraph 55 of Plaintiffs' SAC, SHAO admits paragraph 2.6 of the Operating Agreement designates the Members of EWS as managers of the company. Based on lack of information or belief, SHAO denies each and every remaining allegation as contained in paragraph 55.

56. Answering paragraph 56 of Plaintiffs' SAC, based upon lack of information or belief, SHAO denies every allegation contained therein.

57. Answering paragraph 57 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

58. Answering paragraph 58 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

59. Answering paragraph 59 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

60. Answering paragraph 60 of Plaintiffs' SAC, SHAO incorporates by reference his responses to paragraphs 1 through 59 of the Complaint as though fully set forth herein.

61. Answering paragraph 61 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

62. Answering paragraph 62 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

63. Answering paragraph 63 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

64. Answering paragraph 64 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

65. Answering paragraph 65 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein, but admits to having transmitted KEYNOR ASIA's warehouse invoices to EWS one or two times.

66. Answering paragraph 66 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein except that SHAO was a member of EWS.

67. Answering paragraph 67 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

68. Answering paragraph 68 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

69. Answering paragraph 69 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

70. Answering paragraph 70 of Plaintiffs' SAC, SHAO incorporates by reference his responses to paragraphs 1 through 69 of Plaintiffs' SAC as though fully set forth herein.

71. Answering paragraph 71 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

72. Answering paragraph 72 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

73. Answering paragraph 73 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

74. Answering paragraph 74 of Plaintiffs' SAC, SHAO incorporates by reference his responses to paragraphs 1 through 73 of Plaintiffs' SAC as though fully set forth herein.

75. Answering paragraph 75 of Plaintiffs' SAC, SHAO denies conversion of any funds of EWS and, based on lack of information and belief, denies the remaining allegations contained therein.

76. Answering paragraph 76 of Plaintiffs' SAC, SHAO denies any funds are owed to EWS and, based on lack of information and belief, denies each and every allegation contained therein.

77. Answering paragraph 77 of Plaintiffs' SAC, SHAO denies conversion of any funds of EWS and, based on lack of information and belief, denies each and every allegation contained therein.

78. Answering paragraph 78 of Plaintiffs' SAC, SHAO incorporates by reference his responses to paragraphs 1 through 76 of Plaintiffs' SAC as though fully set forth herein.

79. Answering paragraph 79 of Plaintiffs' SAC, based on lack of information or belief, SHAO denies each and every allegation contained therein.

80. Answering paragraph 80 of Plaintiffs' SAC, based on lack of information or belief, SHAO denies each and every allegation contained therein.

81. Answering paragraph 81 of Plaintiffs' SAC, based on lack of information or belief, SHAO denies each and every allegation contained therein.

82. Answering paragraph 82 of Plaintiffs' SAC, based on lack of information or belief, SHAO denies each and every allegation contained therein, except that KENNEDY made a written demand as reflected in Exhibit 13 to Plaintiffs' SAC (letter from Steven T. Coopersmith, attorney for KENNEDY, to co-counsel for SHAO, Sean M. Foldenauer, Esq., dated November 29, 2011).

83. Answering paragraph 83 of Plaintiffs' SAC, based upon lack of information or belief, SHAO denies each and every allegation contained therein.

/ / /

84.   Answering paragraph 84 of Plaintiffs' SAC, SHAO, based upon lack of information or belief, denies each and every allegation contained therein.

85.   Answering paragraph 85 of Plaintiffs' SAC, SHAO incorporates by reference his responses to paragraphs 1 through 84 of Plaintiffs' SAC as though fully set forth herein.

86.   Answering paragraph 86 of Plaintiffs' SAC, SHAO denies, based on lack of information and belief, that KEYNOR was the entity through which all transactions for EWS stone purchases were made and denies the remaining allegations contained therein.

87.   Answering paragraph 87 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

88.   Answering paragraph 88 of Plaintiffs' SAC, SHAO denies that he owes any money to EWS and, based on the lack of information and belief, denies the balance of the allegations contained therein.

89.   Answering paragraph 89 of Plaintiffs' SAC, SHAO incorporates by reference his responses to paragraphs 1 through 88 of Plaintiffs' SAC as though fully set forth herein.

90.   Answering paragraph 90 of Plaintiffs' SAC, SHAO denies he " . . . obtained assets of EWS, and converted EWS asset to [his] personal use."  SHAO denies each and every remaining allegation contained in paragraph 90.

91.   Answering paragraph 91 of Plaintiffs' SAC, SHAO denies he fraudulently obtained any of EWS' assets, and/or provided the same to KEYNOR ASIA.

/ / /

/ / /

92.   Answering paragraph 92 of Plaintiffs' SAC, SHAO denies he fraudulently obtained any of EWS' assets, and/or provided the same to KEYNOR ASIA.

93.   Answering paragraph 93 of Plaintiffs' SAC, SHAO incorporates by reference his responses to paragraphs 1 through 92 of Plaintiffs' SAC as though fully set forth herein.

94.   Answering paragraph 94 of Plaintiffs' SAC, based on lack of information or belief, SHAO denies each and every allegation contained therein.

95.   Answering paragraph 95 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

96.   Answering paragraph 96 of Plaintiffs' SAC, SHAO denies each and every allegation contained therein.

97.   Answering paragraph 97 of Plaintiffs' SAC, SHAO denies that he owes any monies to EWS and, based on lack of information and belief, denies the balance of the allegations contained therein.

### **AFFIRMATIVE DEFENSES**

Upon information and belief, and based upon all facts and allegations which may be incorporated by reference herein, this answering Defendant further alleges the following Affirmative Defenses to this Second Amended Complaint and each cause of action therein:

/ / /

/ / /

/ / /

/ / /

/ / /

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Cause of Action)

98. The Second Amended Complaint, and each and every purported cause of action contained therein, separately and/or jointly, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**
(Statute of Limitations)

99. The allegations of the Second Amended Complaint do not allege facts sufficient to constitute a cause of action against this answering Defendant, in that they are barred by the statutes of limitation in the *Code of Civil Procedure* including but not limited to *Code of Civil Procedure sections 337*, *338*, *339*, and *343*, and *Civil Code § 2079.4,* and each pertinent subsection and applicable federal limitation periods.

**THIRD AFFIRMATIVE DEFENSE**
(Estoppel)

100. Plaintiffs are barred from the recovery, relief and/or remedies alleged and prayed for in said Second Amended Complaint and each and/or any of the causes of action contained therein by reason that Plaintiffs' conduct is estopped and Plaintiffs are barred from asserting that they, or each of them, have a right to the relief, recovery and/or remedies alleged and prayed for in said Second Amended Complaint and/or the causes of actions therein or any other relief or remedies, or in the sums alleged therein or in any other sum or amount or at all, by reasons of acts, omissions, representations and courses of conduct by Plaintiffs upon which this answering Defendant was led to rely to his detriment.

1

**FOURTH AFFIRMATIVE DEFENSE**
(Business Judgment Rule)

2

3      101. Plaintiffs are barred from the recovery, relief and/or

4   remedies alleged and prayed for in said Second Amended Complaint,

5   and each and/or any of the causes of action contained therein, by

6   reason that this answering Defendant, as a managing member of EWS,

7   has exercised good faith and reasonable business judgment in the

8   discharge of his duties, if any, and that under the Business

9   Judgment Rule, and related law, this answering Defendant is not

10  liable to the Plaintiffs for any damages of any kind.

11

**FIFTH AFFIRMATIVE DEFENSE**
(Unclean Hands)

12

13     102. Plaintiffs have engaged in unlawful, immoral, careless,

14  negligent and other wrongful conduct and Plaintiffs should be

15  barred from recovering the relief and/or remedies alleged and

16  prayed for in said Second Amended Complaint and each and/or any of

17  the causes of action contained therein, or any other relief or

18  remedies whatsoever, against this answering Defendant under the

19  equitable doctrines of "unclean hands" and of *in pari delicto*.

20

**SIXTH AFFIRMATIVE DEFENSE**
(Failure to Qualify for Equitable Relief)

21

22     103. Plaintiffs, by their actions, have failed to meet the

23  legal standards and requirements for being granted equitable relief

24  and therefore, by their actions, Plaintiffs are precluded from

25  seeking or otherwise demanding any equitable or injunctive relief

26  prayed for in said Second Amended Complaint, or of any kind or any

27  other relief or remedies at all.

28  / / /

EAST WEST STONE, *et al.* v. SHAO, *et al.*
U.S.D.C.CASE NUMBER 11cv1652 CAB WVG
DEFENDANT RAYMOND SHAO'S ANSWER TO PLAINTIFFS' 2d AMENDED COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE
(Laches)

104. Plaintiffs are barred from maintaining the pending action and from recovering the relief or remedies alleged and prayed for in said Second Amended Complaint, and each and/or any of the causes of action alleged therein, or any other relief or remedies, in any other sum or amount or at all, by reason of Plaintiffs' unreasonable delay and laches which have unfairly and unreasonably prejudiced this answering Defendant, which creates an inability for said answering Defendant to properly defend this action and creates irreparable injury, harm, prejudice and hardship to this answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

105. Plaintiffs are barred and precluded from the recovery, relief and/or remedies alleged and prayed for in said Second Amended Complaint, and each of the causes of action contained therein, by reason and on the grounds of the Plaintiffs' failure to minimize, reduce and/or mitigate the alleged suffered, sustained and/or incurred damages, if any (which this answering Defendant expressly denies), or to otherwise pursue and exercise any and all other efforts, procedures and action in order to minimize, mitigate and/or recover the alleged and purported damages, if any, alleged to have been incurred, suffered and sustained as set forth and alleged in said Second Amended Complaint. This answering Defendant is informed and believes and thereon alleges that if Plaintiffs had undertaken to mitigate these damages, then Plaintiffs would have suffered no damage whatsoever.

-17-

### NINTH AFFIRMATIVE DEFENSE
(Comparative Fault)

106. Plaintiffs are barred from the recovery, relief and/or remedies alleged and prayed for in said Second Amended Complaint, and each and/or any of the causes of action contained therein, by reason that the damages, if any (and which this answering Defendant expressly denies herein), which Plaintiffs have alleged to have been incurred, suffered and sustained are in fact the result of Plaintiffs' own negligent conduct, misconduct, wrongs, omissions and failures to act reasonably and prudently and which is the sole and proximate cause of any alleged damages, if any (which this answering Defendant expressly denies herein), and not as a result of any action, alleged breach or omission on the part of this answering Defendant or any of his respective and/or authorized representatives, servants, agents and/or employees. If it is adjudicated and determined that Plaintiffs are, in fact, entitled to recovery for any loss or damage suffered in connection with the matters alleged and set forth in said Second Amended Complaint, or any of the causes of action contained therein (and which this answering Defendant expressly denies herein), any total amount of damages to which Plaintiffs would otherwise be entitled must be reduced in proportion to the degree and amount of wrongdoing, fault or negligence attributable and allocated to Plaintiffs and which such wrongdoing, fault or negligence directly and proximately contributed to Plaintiffs' alleged loss or damage.

/ / /

/ / /

/ / /

**TENTH AFFIRMATIVE DEFENSE**
(Defendants' Offset)

107. Any and all amounts of monies claimed by Plaintiffs in said Second Amended Complaint, and the causes of action contained therein, which the Court may determine to be due and owed to Plaintiffs (despite the express denial by this answering Defendant), shall and are deemed to be paid pursuant to *Section 431.70* of the *California Code of Civil Procedure*, or any amended or successor statute thereto, to the extent that there are any sums owed by Plaintiffs to this answering Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Superseding Causes)

108. Plaintiffs are barred from the recovery, relief and/or remedies alleged and prayed for in said Second Amended Complaint, and each and/or any of the causes of action contained therein, by reason that the injuries and/or damages of which the Plaintiffs complain (which are expressly denied by this answering Defendant) were proximately caused or contributed to by the acts and/or omissions of other persons or entities. Said acts were an intervening, supervening and superseding cause of the injuries and/or damages claimed, if any, thus barring Plaintiffs from any recovery against this answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**
(Acquiescence and Ratification)

109. Plaintiffs are barred from the recovery, relief and/or remedies alleged and prayed for in said Second Amended Complaint, and each and/or any of the causes of action contained therein, by reason that at all times mentioned said Complaint, Plaintiffs

DEFENDANT RAYMOND SHAO'S ANSWER TO PLAINTIFFS' 2d AMENDED COMPLAINT

approved, ratified, and/or acquiesced in the conduct of this answering Defendant. Plaintiffs are therefore barred from recovering damages, if any, as a result of any conduct, act or omission on the part of this answering Defendant because of Plaintiffs' approval or, ratification of, and/or acquiescence in that conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Waiver)

110. Plaintiffs are barred from the recovery, relief and/or remedies alleged and prayed for in said Second Amended Complaint, and each and/or any of the causes of action contained therein, by reason that Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act or omission, or any other conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE
(No Reliance by Plaintiff)

111. Plaintiffs are barred from the recovery, relief and/or remedies alleged and prayed for in said Second Amended Complaint, and each and/or any of the causes of action contained therein, by reason that at no time did Plaintiffs, their agents, servants, or representatives rely on any representation, promise, warranty, or action, which this answering Defendant, his agents or employees, may have made in connection with any of the activities underlying this action.

/ / /

/ / /

/ / /

/ / /

EAST WEST STONE, *et al.* v. SHAO, *et al.*
U.S.D.C.CASE NUMBER 11cv1652 CAB WVG
DEFENDANT RAYMOND SHAO'S ANSWER TO PLAINTIFFS' 2d AMENDED COMPLAINT

1

### FIFTEENTH AFFIRMATIVE DEFENSE
(Condition Precedent)

2

3      112. Plaintiffs are barred from the recovery, relief and/or

4   remedies alleged and prayed for in said Second Amended Complaint,

5   and each and/or any of the causes of action contained therein, by

6   reason that there has been nonperformance of a condition precedent

7   to any alleged duties, contractual or otherwise on the part of this

8   answering Defendant, his agents and employees.

9

### SIXTEENTH AFFIRMATIVE DEFENSE
(Condition Subsequent)

10

11      113. Plaintiffs are barred from the recovery, relief and/or

12   remedies alleged and prayed for in said Second Amended Complaint,

13   and each and/or any of the causes of action contained therein, by

14   reason that there has occurred a condition subsequent to the making

15   of a duty, or any alleged contract, between the parties, thereby

16   excusing this answering Defendant from any further performance due

17   from any Defendant to the Plaintiffs and terminating any obligation

18   by this answering Defendants to Plaintiffs.

19

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Justification and Privilege)

20

21      114. Plaintiffs are barred from the recovery, relief and/or

22   remedies alleged and prayed for in said Second Amended Complaint,

23   and each and/or any of the causes of action contained therein, by

24   reason that this answering Defendant, was justified in his acts and

25   omissions, and that any such acts or omissions and conduct of this

26   answering Defendant were privileged and not actionable.

27   / / /

28   / / /

EAST WEST STONE, *et al.* v. SHAO, *et al.*
U.S.D.C.CASE NUMBER 11cv1652 CAB WVG
DEFENDANT RAYMOND SHAO'S ANSWER TO PLAINTIFFS' 2d AMENDED COMPLAINT

1

2

**EIGHTEENTH AFFIRMATIVE DEFENSE**
(Frustration of Purpose)

3      115. Plaintiffs are barred from the recovery, relief and/or

4   remedies alleged and prayed for in said Second Amended Complaint,

5   and each and/or any of the causes of action contained therein, by

6   reason that the obligations of this answering Defendant, if any,

7   arising from the alleged contracts or duties as alleged by

8   Plaintiffs, were excused based upon the conduct of the Plaintiffs

9   and/or their agent(s) which has impeded, interfered, and prevented

10   this answering Defendant from completing said duties or contracts,

11   thus barring Plaintiffs' claim(s).

12

13

**NINETEENTH AFFIRMATIVE DEFENSE**
(Prevention of Performance)

14      116. Plaintiffs are barred from the recovery, relief and/or

15   remedies alleged and prayed for in said Second Amended Complaint,

16   and each and/or any of the causes of action contained therein, by

17   reason that, this answering Defendant was prevented from performing

18   any obligation that he may have owed to the Plaintiffs, if any.

19

20

**TWENTIETH AFFIRMATIVE DEFENSE**
(Performance Excused)

21      117. Plaintiffs are barred from the recovery, relief and/or

22   remedies alleged and prayed for in said Second Amended Complaint,

23   and each and/or any of the causes of action contained therein, by

24   reason that any failure on the part of this answering Defendant to

25   perform the obligations described in said Complaint is excused by

26   Plaintiffs' own breach of contract and/or lack of consideration.

27   / / /

28   / / /

EAST WEST STONE, *et al.* v. SHAO, *et al.*
U.S.D.C.CASE NUMBER 11cv1652 CAB WVG
DEFENDANT RAYMOND SHAO'S ANSWER TO PLAINTIFFS' 2d AMENDED COMPLAINT

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
(Violations of *Corporations Code*)

118. Plaintiffs are barred from the recovery, relief and/or remedies alleged and prayed for in said Second Amended Complaint, and each and/or any of the causes of action contained therein, by reason that Plaintiffs' causes of action for relief under the *California Corporations Code* are barred by Plaintiffs' own failure to comply with relevant provisions of the *Corporations Code.*

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
(Indemnity)

119. Plaintiffs are barred from the recovery, relief and/or remedies alleged and prayed for in said Second Amended Complaint, and each and/or any of the causes of action contained therein, by reason that this answering Defendant was not legally responsible in any fashion with respect to the damages claimed by Plaintiffs. However, if this answering Defendant is found to be legally responsible, then he provisionally alleges that his legal responsibility is not the sole and proximate cause of the incident, and that the damages awarded to Plaintiffs, if any, are to be apportioned according to their respective fault and legal responsibility of other parties, persons and entities, or the agents, servants and employees who contributed to and/or caused said incidents, according to proof at trial.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
(Speculative Damages)

120. Plaintiffs are barred from the recovery, relief and/or remedies alleged and prayed for in said Second Amended Complaint, and each and/or any of the causes of action contained therein, by

1  reason that Plaintiffs' damages, if any, are speculative and based
2  on conjecture, and are impossible to ascertain or allocate.

3  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**
   (No Knowledge, Authorization or Ratification)

4

5  121. Plaintiffs are barred from the recovery, relief and/or
6  remedies alleged and prayed for in said Second Amended Complaint,
7  and each and/or any of the causes of action contained therein, by
8  reason that if any person or entity engaged in any unlawful conduct
9  alleged in said Complaint, such conduct was undertaken without this
10 answering Defendant's knowledge, authorization, or ratification.

11 **TWENTY-FIFTH AFFIRMATIVE DEFENSE**
   (Action Brought in Bad Faith)

12

13 122. Plaintiffs are barred from the recovery, relief and/or
14 remedies alleged and prayed for in said Second Amended Complaint,
15 and each and/or any of the causes of action contained therein, by
16 reason that Plaintiffs have asserted causes of action in bad faith
17 and is liable to this answering Defendant for attorneys' fees and
18 costs incurred in defending such causes of action.

19 **TWENTY-SIXTH AFFIRMATIVE DEFENSE**
   (Additional Defenses)

20

21 123. This answering Defendant presently has insufficient
22 knowledge or information upon which to form a belief as to whether
23 he may have additional, as yet unknown, affirmative defenses. This
24 answering Defendant therefore reserves the right to assert
25 additional affirmative defenses in the event discovery indicates it
26 would be appropriate.

27 / / /

28 / / /

EAST WEST STONE, *et al.* v. SHAO, *et al.*
U.S.D.C.CASE NUMBER 11cv1652 CAB WVG
DEFENDANT RAYMOND SHAO'S ANSWER TO PLAINTIFFS' 2d AMENDED COMPLAINT

1    **WHEREFORE,** this answering Defendant prays that Plaintiffs take

2    nothing by their action, that this answering Defendant be awarded

3    his cost of suit, including attorneys' fees, and for such other

4    relief as the Court deems just and proper.

5

6    February 17, 2012          **THE LaCROIX LAW GROUP, APC**

7

8                               /s/ Robert E. LaCroix
                                Robert E. LaCroix
                                Attorney for Defendant/Cross-Complainant
9                               WUI SHAO, aka RAYMOND SHAO
                                E-mail: robert@lacroixlaw.com
10

11

12   February 17, 2012          **FOLDENAUER LAW GROUP, APC**

13

14                              /s/ Sean M. Foldenauer
                                Attorney for Defendant/Cross-Complainant
15                              WEI SHAO, aka RAYMOND SHAO
                                E-mail: foldenauerlaw@gmail.com
16

17

18

19

20

21

22

23

24

25

26

27

28